■ In the Matter of the Claim of ANTOINETTE CHICKLOWSKI, as Committee of the Person and Property of JOHN CHICKLOWSKI, an Incompetent, Respondent, against HOTEL SYRACUSE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from a decision of the Workmen's Compensation Board which awarded total disability benefits payable to the committee of the incompetent employee. The board has found causal relationship between the employee's mental illness and an employment connected accident, and the only issue raised by appellants is that such a finding is not supported by substantial evidence. The employee worked as a cleaner, and on November 23, 1949, he was assaulted by a coemployee, who hit him on the head with some object, knocked him down and kicked him in the head. The employee suffered injuries consisting of a deep laceration below the right eye, multiple abrasions of the face particularly involving the orbital regions, a concussion of the brain, a nasal fracture and a rupture of the right ear drum. He was hospitalized until January 3, 1950, and returned to work on January 6, 1950. On December 15, 1949, he was examined by an ear specialist, who continued to treat him for a year thereafter. The doctor testified that the employee never showed any evidence of hysterical reactions, and was very co-operative. On December 31, 1949, he was examined by a neurologist, Dr. Ayer, on behalf of the carrier. He testified that the employee may have suffered a brain concussion, but of only a temporary nature. He also testified that the employee was nervous, depressed and humiliated by the assault so that he would not see his friends, locked himself in his house and felt ashamed to return to his employment in the hotel where he was assaulted. On February 11, 1951, the employee ceased working, and two days later he was admitted to the Syracuse Psychopathic Hospital. After a staff examination there he was found to be suffering from dementia praecox, paranoid type. While in this hospital he was examined by Dr. Steckel, a psychiatrist, on behalf of the carrier. This doctor testified there was no causal relationship of the employee's condition to the assault; that the employee may have suffered a temporary emotional upset at the time of the assault, but that the employee's history indicated existence of dementia praecox

for about 37 years, when he was living in Poland. The doctor had this information included in the hospital records, and appellants place much emphasis on it in support of their contention. It should be noted here that the doctor's testimony in this respect is based and the "history" is based entirely upon statements made by the employee to the doctor after the hospital staff had concluded that the employee was incompetent and a mentally sick man. After another examination by Dr. Steckel and a Dr. Hubbell, another psychiatrist, on April 3, 1951, the employee was committed to Marcy State Hospital, where he is still confined. Dr. Hubbell testified that his opinion was that the employee was suffering from dementia praecox of long standing and that the assault had nothing to do with his condition. Dr. McGuinness, a supervising psychiatrist at Marcy, examined the employee in March and April of 1954, and testified that the assault precipitated the illness, on the assumption that he was acting in a normal manner prior to the assault. Dr. Koroljon, another supervising psychiatrist at Marcy, examined and treated the employee there. He gave his opinion that the employee is incurable, and that the condition is causally related to the accident. Both these supervising psychiatrists of a State hospital rejected the "history" of long-existing mental illness as meaningless when given by a patient who was *then* insane. The employee's wife testified that prior to the accident her husband never lost time from his work, helped her about the house and never complained of dizziness or pains in his head. It was only after the accident that his habits and personality began to change. We think the record as a whole contains ample evidence to support the board's finding of causal relation. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.